UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

WALVER DANIEL VILORIO
MONCADA,

      Petitioner,

    v.                       Case No.:  2:26-cv-00006-SPC-NPM

WARDEN, GLADES COUNTY
DETENTION CENTER *et al.*,

      Respondent,

_____/

## **OPINION AND ORDER**

Before the Court are Walver Daniel Vilorio Moncada's Amended Petition for Writ of Habeas Corpus (Doc. 10) and the government's response (Doc. 12). For the below reasons, the Court grants the petition.

Vilorio Moncada is a native and citizen of Honduras who entered the United States without inspection in 2012 to seek asylum. He has no criminal record and two U.S. citizen children. Immigration officials apprehended Vilorio Moncada during a traffic stop and detained him at Alligator Alcatraz. He has since been transferred to Glades County Detention Center, where he remains detained without an opportunity to seek release on bond.

The core of the dispute before this Court is whether 8 U.S.C. § 1225(b)(2) or § 1226(a) of the Immigration and Nationality Act ("INA") applies to Vilorio Moncada. The distinction matters because § 1225(b)(2)

mandates detention, while aliens detained under § 1226(a) have the right to a bond hearing before an immigration judge. Vilorio Moncada asks the Court to order the respondents to either release him or provide a prompt individualized bond hearing.

The respondents argue (1) 8 U.S.C. § 1252(g) and (b)(9) strip the Court of jurisdiction over the petitioner's claims, (2) the petitioner failed to exhaust available administrative remedies, and (3) the petitioner is properly detained under § 1225 and is not eligible for a bond hearing. As the respondents acknowledge, the Court rejected their arguments in cases that presented the same issues, like *Hinojosa Garcia v. Noem*, No. 2:25-cv-879-SPC-NPM, 2025 WL 3041895 (M.D. Fla. Oct. 31, 2025) and *Vasquez Carcamo v. Noem*, 2:25-cv-922-SPC-NPM, 2025 WL 3119263 (M.D. Fla. Nov. 7, 2025). The Court's reasons for granting habeas relief in those cases apply equally here.

As the Court explained in *Hinojosa Garcia* and *Vasquez Carcamo*, it has jurisdiction because this action falls outside the scope of § 1252(g) and (b)(9), and exhaustion is excused because it would be futile. And like the petitioners in those cases, Vilorio Moncada's detention is governed by § 1226(a), not § 1225(b)(2). As a noncitizen detained under § 1226(a), Vilorio Moncada has a right to a bond hearing. *See Jennings v. Rodriguez*, 583 U.S. 281, 306 (2018) ("Federal regulations provide that aliens detained under § 1226(a) receive bond

2

hearings at the outset of detention.") (citing 8 C.F.R. §§ 236.1(d)(1), 1236.1(d)(1)).

The Court will thus order the respondents to either bring Vilorio Moncada before an immigration judge for an individualized bond hearing or release him within ten days. The Court is aware that the Executive Office for Immigration Review is the agency that schedules bond hearings. To be clear, subjecting Vilorio Moncada to mandatory detention under § 1225(b)(2) is unlawful. If the respondents are unable to ensure Vilorio Moncada receives the bond hearing he is entitled to under § 1226(a) within ten days, they must release him.

Accordingly, it is hereby

**ORDERED**:

Walver Daniel Vilorio Moncada's Amended Petition for Writ of Habeas Corpus (Doc. 10) is **GRANTED**.

(1)    Within **ten days** of this Opinion and Order, the respondents shall either (1) bring Vilorio Moncada for an individualized bond hearing before an immigration judge or (2) release Vilorio Moncada under reasonable conditions of supervision. If the respondents release Vilorio Moncada, they shall facilitate his transportation from the detention facility by notifying his counsel when and where he may be collected.

3

(2)    The Clerk is **DIRECTED** to terminate any pending motions and deadlines, enter judgment, and close the case.

**DONE AND ORDERED** in Fort Myers, Florida on February 6, 2026.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: FTMP-1